System Generated Hearing Date: 7/18/2024 9:30 AM
Location: Court Room 1501
Judge: Courtroom, 1501

FILED
5/28/2024 1:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20241114162
Courtroom, 1501
27864829

## EXHIBIT A

FILED DATE: 5/28/2024 1:48 PM   20241114162

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

SERENA MARTINEZ

_____

Plaintiff(s)

v.

✳ SPRING OAKS CAPITAL,LLC.

Case No.   20241114162

_____

Defendant(s)

Illinois Corporation Service Co 801 Adlai
Stevenson Drive Springfield, IL 62703

_____

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ○ Sheriff Service  ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 3

**EXHIBIT A**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 62709

○ Pro Se 99500

Name: Chicago Consumer Law Center, P.C.

Atty. for (if applicable):

Plaintiff

Address: 650 Warrenville Road, Suite 100

City: Lisle

State: IL   Zip: 60532

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Witness date

5/28/2024 1:48 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: 5/30/24
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 5/28/2024 1:48 PM  20241114162

FILED DATE: 5/28/2024 1:48 PM    20241114162

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

System Generated Hearing Date: 7/18/2024 9:30 AM          **6-Person Jury**
Location: Court Room 1501
Judge: Courtroom, 1501

FILED
5/28/2024 1:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20241114162
Courtroom, 1501
27864829

FILED DATE: 5/28/2024 1:48 PM   20241114162

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DISTRICT, CIVIL DIVISION

SERENA MARTINEZ,

        PLAINTIFF

    v.

SPRING OAKS CAPITAL, LLC and
SPRING OAKS CAPITAL SPV, LLC;

        DEFENDANTS

Case No.: **20241114162**

Amount Claimed: **Statutory and/or actual damages up to $15,000 plus reasonable fees and costs under statute.**

**JURY DEMAND**

## COMPLAINT

Plaintiff, SERENA MARTINEZ, brings this action under the action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq ("ICFA"), for a finding that Defendants' actions violated Plaintiff's legal rights, and to recover damages for Defendants' violations thereof, and alleges:

## NATURE OF THE CASE

1.    The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of

the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.  To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

4.  Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

5.  Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

6.  "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

## JURISDICTION AND VENUE

7.  Jurisdiction over Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation

FILED DATE: 5/28/2024 1:48 PM 2024114162

FILED DATE: 5/28/2024 1:48 PM  20241114162

doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

8. Defendants collect debts from consumers in Illinois and has registered agents in Illinois.

9. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendants regularly do business in this County. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act[1], 15 U.S.C. § 1692 et seq. ("FDCPA") by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

10. Plaintiff SERENA MARTINEZ ("Plaintiff") is a resident of the State of Illinois, from whom the Defendants attempted to collect a delinquent consumer debt. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11. Defendant SPRING OAKS CAPITAL, LLC (hereinafter "Defendant"), is a debt collection firm that engages in the business of debt collection. Its principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, calling on the phone, credit reporting, filing of lawsuits, etc.

---

[1] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

FILED DATE: 5/28/2024 1:48 PM    20241114162

12. Defendant SPRING OAKS CAPITAL SPV, LLC (hereinafter "Defendant") is a debt collection firm that engages in the business of debt collection. Its principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, calling on the phone, credit reporting, filing of lawsuits, etc.

13. At all times SPRING OAKS CAPITAL SPV, LLC acted in the line and scope of its agency relationship with SPRING OAKS CAPITAL, LLC and in all actions taken in regard to Plaintiff.

14. At all times SPRING OAKS CAPITAL, LLC acted in the line and scope of its agency relationship with SPRING OAKS CAPITAL SPV, LLC in all actions taken in regard to Plaintiff.

15. Any reference to Defendant or Defendants includes all Defendants.

16. Defendants act as debt collectors as defined by § 1692a(6) of the FDCPA because they use the instrumentalities of interstate commerce including the telephone and/or the mails in their business, the principal purpose of which is the collection of defaulted consumer debts.

17. Defendants also act as debt collectors as defined by § 1692a(6) of the FDCPA as they regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

FILED DATE: 5/28/2024 1:48 PM  20241114162

## FACTUAL ALLEGATIONS

18.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)     There is **abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors**. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts**.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the **purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

19.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.     Defendants are considered "debt collectors" and began engaging in debt collection activities against Plaintiff.

FILED DATE: 5/28/2024 1:48 PM   2024L114162

21. The primary and principal business of Defendants is to collect alleged defaulted debts.

22. At the time that Defendants received the alleged debt of Plaintiff, the alleged debt was in default.

23. Defendants claimed Plaintiff owed Defendant money.

24. Defendants began collection activities against Plaintiff.

25. Plaintiff sent a letter to Defendants which was received on February 13, 2024.

26. Plaintiff clearly instructed Defendants that all debts it claimed to have on Plaintiff were disputed.

27. Despite this, and in violation of the FDCPA, Defendants updated Plaintiff's credit reports with an account from Defendants without marking the account as disputed.

28. On March 22, 2024, Defendants communicated credit information regarding the Account to the Trans Union consumer reporting agency, including the balance, an account number, and the date reported, while failing to indicate that the account was disputed.

29. All of the above-described actions by Defendants and collection agents of Defendants were made in violation of the FDCPA as alleged below in the Count.

30. The conduct of the Defendants has proximately caused Plaintiff damages.

31. Plaintiff has been forced to retain counsel to file suit against Defendants in an attempt to remediate and correct Defendants' failure to follow the law.

FILED DATE: 5/28/2024 1:48 PM   2024L114162

## CAUSES OF ACTION

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

32.  Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

33.  The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA (and Regulation F) with respect to Plaintiff, including, but not limited to, violations of 1692d, 1692e, 1692e(8), 1692e(10), 1692f and 1692f(1) along with Regulation F related to these sections and communication between debt collectors (such as Defendants) and Plaintiff.

34.  As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to damages and reasonable attorney's fees and costs from Defendants.

### COUNT II-ILLINOIS COLLECTION AGENCY ACT

35.  Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

36.  The above referenced conduct violates the Illinois Collection Agency Act.

37.  As a result of Defendants' violations of the ICAA, Plaintiff is entitled to damages and reasonable attorney's fees and costs from Defendants.

FILED DATE: 5/28/2024 1:48 PM 2024L114162

## COUNT III-ILLINOIS CONSUMER FRAUD ACT

38. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

39. The above referenced conduct violates the Illinois Consumer Fraud Act.

40. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendants' illegal conduct.

## RELIEF SOUGHT

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act;

E. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Consumer Fraud Act;

F. Injunctive relief against Defendants; and

G. Such other or further relief as the Court deems proper.

FILED DATE: 5/28/2024 1:48 PM   20241114162

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:   __/s/ *Bryan Paul Thompson*__
One of Plaintiff's Attorneys

Bryan Paul Thompson (ARDC #6310322)
Robert W. Harrer (ARDC #6315410)
Seth McCormick (ARDC # 6309643)
CHICAGO CONSUMER LAW CENTER, P.C.
COOK #62709 | DUPAGE #362944
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
bryan.thompson@cclc-law.com
rob-harrer@cclc-law.com
seth@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys